UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

CAROL ZIEGLER, on behalf of G.S.,

                Plaintiff,

v.

COLLEEN MULTER, CSE Chairperson;
ALISON WHITE, School Nurse;
SALLY SHIELDS, Superintendent; and
RENSSELAER CITY SCHOOL DISTRICT,

                Defendants.
_____

1:18-CV-0881
(GTS/CFH)

APPEARANCES:

CAROL ZIEGLER
  Plaintiff, *Pro Se*
P.O. Box 853
Rensselaer, New York 12144

GLENN T. SUDDABY, Chief United States District Judge

## **DECISION and ORDER**

Currently before the Court, in this *pro se* civil rights action filed by Carol Ziegler, on behalf of G.S. ("Plaintiff") against the Rensselaer City School District and three of its employees ("Defendants"), are the following: (1) United States Magistrate Judge Christian F. Hummel's Report-Recommendation recommending that certain of the claims in Plaintiff's Complaint be dismissed with prejudice, Plaintiff's remaining claims be dismissed without prejudice, and that Plaintiff be given thirty days in which to file an Amended Complaint correcting the pleading defects in the claims dismissed without prejudice; and (2) Plaintiff's Objections to the Report-Recommendation. (Dkt. Nos. 6, 7.)

Even when construed with the utmost of special leniency, Plaintiff's three-page Objections to the Report-Recommendation fail to assert a *specific* challenge to a portion of the Report-Recommendation. (*See generally* Dkt. No. 7.) To be "specific," an objection must, with particularity, "identify [1] the portions of the proposed findings, recommendations, or report to which it has an objection and [2] the basis for the objection." N.D.N.Y. L.R. 72.1(c).[1] When only a *general* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review. Fed. R. Civ. P. 72(b)(2),(3); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition; *see also Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007 (2d Cir. 1999). Similarly, when *no* objection is made to a portion of a report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review. Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition. When performing such a "clear error" review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Id.*[2]

---

[1] *See also Mario v. P&C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Although Mario filed objections to the magistrate's report and recommendation, the statement with respect to his Title VII claim was not specific enough to preserve this claim for review. The only reference made to the Title VII claim was one sentence on the last page of his objections, where he stated that it was error to deny his motion on the Title VII claim '[f]or the reasons set forth in Plaintiff's Memorandum of Law in Support of Motion for Partial Summary Judgment.' This bare statement, devoid of any reference to specific findings or recommendations to which he objected and why, and unsupported by legal authority, was not sufficient to preserve the Title VII claim.").

[2] *See also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks and citations omitted).

After carefully reviewing the relevant papers herein, including Magistrate Judge Hummel's thorough Report-Recommendation, the Court can find no clear-error in the Report-Recommendation: Magistrate Judge Hummel employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts. (Dkt. No. 6.) As a result, the Report-Recommendation is accepted and adopted in its entirety for the reasons set forth therein.

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Hummel's Report-Recommendation (Dkt. No. 6) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that the following claims in Plaintiff's Complaint (Dkt. No. 1) are **DISMISSED** with prejudice:

(1) Plaintiff's claim for monetary damages under the IDEA;

(2) Plaintiff's claims asserted against Defendants Multer and Shields in their individual capacities under the IDEA, ADA and/or Section 504 of the Rehabilitation Act;

(3) Plaintiff's § 1983 claims for violations of her procedural due process rights based on educational services offered, or denied, by Defendant Rensselaer City School District;

(4) Plaintiff's claims for monetary damages under § 1983 against the individual Defendants in their official capacities; and

(5) Plaintiff's IDEA claim against Defendant White; and it is further

**ORDERED** that Plaintiff's claims on behalf of G.S. **SHALL BE DISMISSED without prejudice** and without further Order of this Court **UNLESS**, within **THIRTY (30) DAYS** of the date of this Decision and Order, Plaintiff retains legal representation for G.S., and that attorney enters his or her appearance; and it is further

**ORDERED** that the following three claims in Plaintiff's Complaint (Dkt. No. 1) **SHALL ALSO BE DISMISSED with prejudice** and without further Order of this Court **UNLESS**, within **THIRTY (30) DAYS** of the date of this Decision and Order, Plaintiff files an **AMENDED COMPLAINT** that corrects the claims' pleading defects as identified by Magistrate Judge Hummel:

(1) Plaintiff's claims for injunctive relief under the IDEA and ADA or injunctive relief and/or monetary relief under Section 504 of the Rehabilitation Act;

(2) Plaintiff's claim for monetary damages under the ADA against Defendant Rensselaer City School District; and

(3) Plaintiff's § 1983 claims for failure to protect; and it is further

**ORDERED** that, should Plaintiff decide to file such an Amended Complaint, she shall comply with the directives contained in note 11 of the Report-Recommendation; and it is further

**ORDERED** that, should Plaintiff file an Amended Complaint within the above-mentioned thirty-day time period and/or comply with the directives regarding legal representation for G.S., this matter shall be returned to Magistrate Judge Hummel for his review without further Order of the Court.

Dated: March 6, 2019
       Syracuse, New York

_____
Hon. Glenn T. Suddaby
Chief U.S. District Judge